UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PATENT LICENSING AND
INVESTMENT COMPANY, LLC,

    Plaintiff/Counter-Defendant,

v.                                                     2:10CV421

GREEN JETS INCORPORATED,

    Defendant/Counter-Claimant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff/counter-defendant's Patent Licensing and Investment Company, LLC's ("plaintiff") Motion to Dismiss Counterclaim and Affirmative Defenses, (ECF No. 14), and defendant/counter-claimant Green Jets, Inc.'s ("defendant") Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaims, (ECF No. 20), were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure, by Order entered April 1, 2011, (ECF No. 35). A telephone conference was conducted on April 1, 2011, at which time all parties were present by counsel.

### I.    RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff filed a Complaint in this matter on August 24, 2010. On February 2, 2011, defendant filed its Answer, which included six Affirmative Defenses and two Counterclaims. In its Motion to Dismiss, plaintiff moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants' counterclaim for declaratory judgment of invalidity. Plaintiff further moves to strike defendant's Second, Third, Fourth, and Sixth Affirmative Defenses pursuant to Rule 12(f). On March 7, 2011, defendant both responded to plaintiff's Motion to Dismiss, (ECF No. 19), and filed a Motion for Leave to File an Amended

Answer, Affirmative Defenses, and Counterclaims ("Motion for Leave to File"), (ECF No. 20). Defendant attached an Amended Answer and Counterclaims ("Amended Answer") to the memorandum in support of its motion. (ECF No. 21-1). Defendant argues the Amended Answer renders plaintiff's Motion to Dismiss moot. (ECF No. 19 at 3).

In its briefs on the pending motions, plaintiff contends that defendant's proposed Amended Answer still fails to remedy certain defects alleged in its Motion to Dismiss, but acknowledges defendant's right to amend its pleading under Rule 15(a) and therefore does not oppose the amendment. Counsel for plaintiff confirmed this during the telephone hearing.

Under Rule 15(a) of the Federal Rules of Civil Procedure, defendant has the right as a matter of course to amend its Answer within twenty-one days after service of plaintiff's Motion to Dismiss. Fed. R. Civ. P. 15(a)(1)(B). Defendant's Motion for Leave to File was filed on March 7, 2011—less than twenty-one days after plaintiff served its Motion to Dismiss and therefore within the time period provided under Rule 15(a)(1)(B). Accordingly, having considered both defendant's motion and the fact that plaintiff does not oppose defendant's right amend its Answer, the undersigned recommends that the Court grant defendant's Motion for Leave to File. Moreover, as plaintiff's original Motion to Dismiss attacks a pleading which has been substantially revised, the undersigned further recommends that the Court dismiss plaintiff's original Motion to Dismiss as moot. Should plaintiff wish to continue to challenge perceived defects in the Amended Answer, it may file an appropriate pleading addressed to those matters.

## II. RECOMMENDATION

The Court recommends that defendant's Motion for Leave to File be granted and that the Amended Answer be deemed filed. The Court recommends that plaintiff's Motion to Dismiss be dismissed as moot. The Court further recommends that plaintiff be ordered to file responsive pleadings to the Amended Answer by April 29, 2011.

### III. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

3. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 1, 2011