IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| PATENT LICENSING AND INVESTMENT COMPANY, LLC<br><br>          Plaintiff,<br><br>v.<br><br>GREEN JETS INCORPORATED<br><br>          Defendant. | C.A. No. 2:10-cv-00421-HCM-DEM |

### DEFENDANT GREEN JETS INCORPORATED'S
### AMENDED ANSWER AND COUNTERCLAIMS TO PLAINTIFF
### PATENT LICENSING AND INVESTMENT COMPANY, LLC'S COMPLAINT

Defendant Green Jets Incorporated ("Green Jets"), by and through its undersigned counsel, submits this Amended Answer and Counterclaims to Complaint filed by Plaintiff Patent Licensing and Investment Company, LLC ("PLIC") as follows. Except as expressly admitted below, Green Jets denies each and every allegation in PLIC's Complaint.

### NATURE OF THE CASE

1. Green Jets admits that PLIC seeks injunctive relief and damages for alleged acts of patent infringement of U.S. Patent No. 6,711,548 ("the patent-in-suit" or "the '548 patent"), but denies that any acts of infringement have occurred or that injunctive relief and damages are warranted. Green Jets expressly denies engaging in any act of patent infringement of the patent-in-suit.

### PARTIES AND JURISDICTION

2. Green Jets denies the allegations in Paragraph 2 of the Complaint, except to admit that the Court may properly exercise subject matter jurisdiction over the Complaint.

590215

3. Green Jets lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies those allegations.

4. Green Jets admits that it is a Florida corporation having a principal place of business at 1675 Palm Beach Lakes Blvd., Suite 1, West Palm Beach, FL 33401.

5. Green Jets admits that this Court has personal jurisdiction over Green Jets, but denies the remaining allegations of Paragraph 5 of the Complaint.

6. Green Jets admits having a website, but denies the remaining allegations of Paragraph 6 of the Complaint.

7. Green Jets admits that it is subject to the personal jurisdiction of the Court, but denies that venue is proper in the Eastern District of Virginia. Except as expressly admitted herein, Green Jets denies the remaining allegations of Paragraph 7 of the Complaint.

## FACTUAL BACKGROUND

8. Green Jets admits that a copy of the '548 patent was attached to the Complaint as Exhibit A. Green Jets lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 of the Complaint, and therefore denies those allegations.

9. Green Jets denies that it is a seller and provider of network services that utilizes private and other aircraft for public passenger service. Green Jets admits that it has in the past and continues to offer services of empty leg opportunities in Virginia, but denies that it has in the past and continues to offer services of shared ride opportunities in Virginia. Green Jets admits that it has arranged flights for sale over the Internet. Except as expressly admitted herein, Green Jets denies the remaining allegations in Paragraph 9 of the Complaint.

10. Green Jets denies the allegations of Paragraph 10 of the Complaint.

## COUNT I – INFRINGEMENT OF THE '548 PATENT

11.     Green Jets incorporates by reference its answers to the allegations in Paragraphs 1-10.

12.     Green Jets avers that the U.S. Patent and Trademark Office ("USPTO") assignment database reflects that Memphis Ventures is the assignee of the patent-in-suit. The USPTO database does not reflect an assignment to PLIC. Therefore, Green Jets lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and therefore denies those allegations.

12 [*sic*].     Green Jets avers that Paragraph 12 [*sic*] of the Complaint contains legal conclusions regarding claim construction to which no answer is required. To the extent that any answer is required, Green Jets denies making, using, offering for sale, and/or selling, now or at any time in the past, aircraft travel services in the United States that infringe any valid claim of the '548 patent, either directly or under the doctrine of equivalents.

13.     Green Jets avers that Paragraph 13 of the Complaint contains legal conclusions regarding claim construction to which no answer is required. To the extent that any answer is required, Green Jets denies making, using, offering for sale, and/or selling, now or at any time in the past, aircraft travel services in the United States that induce or actively induce others to infringe any valid claim of the '548 patent.

14.     Green Jets avers that Paragraph 14 of the Complaint contains legal conclusions regarding claim construction to which no answer is required. To the extent that any answer is required, Green Jets denies making, using, offering for sale, and/or selling, now or at any time in the past, aircraft flight services in the United States that contributorily infringe any valid claim of the '548 patent.

15. Green Jets denies that it had notice of the '548 patent prior to the filing of the Complaint. Green Jets further denies willfully infringing any valid claim of the '548 patent, directly or under the doctrine of equivalents, contributorily, or by inducement.

16. Green Jets incorporates by reference its answers to the allegations in Paragraphs 12 [*sic*] – 15, and on that basis denies the allegations of Paragraph 16 of the Complaint.

## DEMAND FOR JURY TRIAL

17. Green Jets admits that PLIC requests certain relief from the Court, but denies that they are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Green Jets asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated below. Green Jets reserves the right to amend this Answer with additional defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE

Green Jets does not infringe and has not infringed, either literally or under the doctrine of equivalents, whether directly, contributorily, by inducement, or otherwise, any asserted claim of the patent-in-suit as properly construed and limited by the doctrine of prosecution history estoppel.

## SECOND AFFIRMATIVE DEFENSE

On information and belief, after a reasonable opportunity for further investigation and/or discovery, every asserted claim of the patent-in-suit is invalid for their failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq.*, and more particularly fail to comply with one or more of the requirements of 35 U.S.C.

§ 101, § 102, § 103, § 112, and § 116. The factual basis for Green Jets' invalidity affirmative defense is more fully laid out in ¶ 12 of the Green Jets' Counterclaims, *infra*.

### THIRD AFFIRMATIVE DEFENSE

PLIC's claims for damages are limited by 35 U.S.C. § 286.

### FOURTH AFFIRMATIVE DEFENSE

On information and belief, after a reasonable opportunity for further investigation and/or discovery, PLIC's claims are barred in whole or in part by the equitable doctrine of estoppel, including but not limited to the doctrine of prosecution history estoppel.

### FIFTH AFFIRMATIVE DEFENSE

On information and belief, after a reasonable opportunity for further investigation and/or discovery, PLIC's claims are barred under the doctrines explained in *Ethicon, Inc. v. U.S. Surfical Corp.*, 135 F.3d 1456 (Fed. Cir. 1998) and other cases because PLIC does not solely own the rights to assert the patent-in-suit. In particular, PLIC's Complaint states that the '548 patent was duly and legally issued to Joel H. Rosenblatt. Mr. Rosenblatt purportedly assigned all rights and interest in the '548 patent to Memphis Ventures, Inc., including the right to sue for and recover all past, present, and future damages for infringement of the '548 patent.

In contrast to the clear and detailed description of the assignment of rights from Mr. Rosenblatt to Memphis Ventures, PLIC's Complaint vaguely states that Memphis Ventures has "transferred all essential rights" to PLIC without specifying how those rights were transferred or the nature of the conveyance. Whatever the nature of the conveyance, the assignments database at the United States Patent and Trademark Office fails to reflect such a transfer.

## GREEN JETS' COUNTERCLAIMS

For its Counterclaims against Plaintiff and Counterclaim-Defendant Patent Licensing and Investment Company, LLC ("PLIC"), Defendant and Counterclaim-Plaintiff Green Jets Incorporated ("Green Jets") states as follows:

1. Green Jets' Counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under 28 U.S.C. § 1338(a). There is a justiciable controversy concerning the infringement, validity, and enforcement of U.S. Patent No. 6,711,548 ("the '548 patent" or "the patent-in-suit"), as set forth in the Complaint.

2. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331 and 1338. Personal jurisdiction is proper as a result of PLIC having availed itself of this Court to sue Green Jets.

3. Green Jets is a corporation organized under the laws of Florida, with its principal place of business at 1675 Palm Beach Lakes Boulevard, Suite 1, West Palm Beach, Florida 33401.

4. The '548 patent issued on March 23, 2004, naming Joel H. Rosenblatt of Summerland Key, Florida, as its inventor.

5. PLIC claims that the inventor of the patent-in-suit, Joel H. Rosenblatt, assigned all rights and interest in the '548 patent to Memphis Ventures, Inc., ("Memphis Ventures") including the right to sue for and recover all past, present, and future damages for infringement of the '548 patent.

6. PLIC also claims that Memphis Ventures transferred all essential rights to PLIC including the right to sue for and recover all past, present, and future damages for infringement of the '548 patent.

7. PLIC asserts in its Complaint that Green Jets is infringing U.S. Patent No. 6,711,548.

### COUNT I - DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,711,548

8. Green Jets incorporates herein and realleges as though fully set forth in this paragraph the averments of Paragraphs 1-7 of this Counterclaim.

9. Green Jets has not infringed and is not infringing any valid claim of U.S. Patent No. 6,711,548, either literally or under the doctrine of equivalents, directly, contributorily, or by inducement.

10. Unless PLIC is enjoined, Green Jets believes that PLIC will continue to assert that Green Jets is infringing U.S. Patent No. 6,711,548.

### COUNT II - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,711,548

11. Green Jets incorporates herein and realleges as though fully set forth in this paragraph the averments of Paragraphs 1-7 of this Counterclaim. One or more of the claims of U.S. Patent No. 6,711,548 are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101, *et seq.*, including without limitation 35 U.S.C. § 102, 103, and 112. The '548 patent is invalid as anticipated or obvious by a number of prior art references including, but not limited to, United States Patent No. 5,253,165 and the SABRE system. U.S. Patent No. 5,253,165 issued on October 12, 1993 and describes a computerized reservation system of the type claimed in the '548 patent and asserted in Plaintiff's complaint. The SABRE system, an electronic airline reservation system, debuted in 1962 and was in use by many airlines by 1970. It has been well-known in the industry for almost 50 years. This list is meant to be exemplary and is not exhaustive.

12.     Unless PLIC is enjoined, Green Jets believes that PLIC will continue to assert that U.S. Patent No. 6,711,548 is valid and enforceable against PLIC.

## PRAYER FOR RELIEF

WHEREAS, Counterclaim-Plaintiff Green Jets prays that this Court grant the following relief and judgment:

1.     Judgment for Green Jets on PLIC's Complaint;

2.     A declaration and judgment that Defendant/Counterclaim-Plaintiff Green Jets has not infringed any valid claim of U.S. Patent No. 6,711,548, either literally or under the doctrine of equivalents, whether directly, contributorily, or by inducement;

3.     A declaration and judgment that every asserted claim of U.S. Patent No. 6,711,548 is invalid;

4.     Preliminary and permanent injunctive relief barring PLIC and its officers, employees, agents, representatives, attorneys, and other acting on its behalf from representing to anyone, either directly or indirectly, that Green Jets has infringed or is infringing U.S. Patent No. 6,711,548;

5.     This action be declared exceptional under 35 U.S.C. § 285, and judgment be entered awarding Green Jets its costs and reasonable attorneys fees, and such other relief as my be appropriate; and

6.     Such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Green Jets demands trial by jury of all issues so triable.

Respectfully submitted,

Date: March 7, 2011

/s/ Siddhesh V. Pandit
Edward A. Pennington (VSB No. 23511)
Stephanie D. Scruggs (VSB No. 70288)
Siddhesh V. Pandit (VSB No. 75686)
Murphy & King, P.C.
1055 Thomas Jefferson Street, N.W.
Suite 400
Washington, D.C. 20007
Tel: (202) 403-2100
Fax: (202) 429-4380
eap@murphyking.com
sds@murphyking.com
svp@murphyking.com

*Attorneys for Defendant Green Jets Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2011, I will electronically file the foregoing Amended Answer and Counterclaims with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

Fred Grasso
Grasso PLLC
1818 Library Street
Suite 500
Reston, VA 20190
Tel: (703) 956-3020
Fax: (703) 439-2804
fgrasso@grassoip.com

Stephen Eugene Anthony
Williams Mullen
1700 Dominion Tower
999 Waterside Dr.
Norfolk, VA 23510
Tel: (757) 629-0631
Fax: (757) 629-0660
santhony@williamsmullen.com

William Rueger Poynter
Williams Mullen
222 Central Park Ave
Suite 1700
Virginia Beach, VA 23462-3035
Tel: (757) 499-8800
wpoynter@williamsmullen.com

*Attorneys for Plaintiff Patent Licensing and Investment Company, LLC*

590215

/s/ Siddhesh V. Pandit
Siddhesh V. Pandit (VSB No. 75686)
Murphy & King, P.C.
1055 Thomas Jefferson Street, N.W.
Suite 400
Washington, D.C. 20007
Tel: (202) 403-2100
Fax: (202) 429-4380
svp@murphyking.com

*Attorney for Defendant Green Jets Incorporated*