UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 11-80689-CIV-MARRA/JOHNSON

PATENT LICENSING AND
INVESTMENT COMPANY, LLC,

    Plaintiff,

vs.

GREEN JETS INCORPORATED,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Unopposed Motion to File Exhibit Under Seal. (DE 84). The Court has carefully considered the motion and is otherwise fully advised in the premises.

"The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (citing Richmond Newspapers, 448 U.S. 555, 564-74 (1980)). "Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents." Id. (citing Nixon v. Warner Comm., Inc., 435 U.S. 589, 597 (1978)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a 'sensitive appreciation of the circumstances that led to . . . [the]

1

production [of the particular document in question].' " Id. (quoting Nixon, 435 U.S. at 598, 602-03).

Plaintiff proposes to file its first License Agreement for the patent at issue under seal. The purported justification for this filing is that "The License Agreement is confidential and proprietary and to make the information contained therein a public record could cause a competitive disadvantage to PLIC and cause it irreperable harm." (DE 84) at ¶ 4. This concern, however, is negated by the very document that Plaintiff seeks to be placed under seal. First, the License Agreement does not impose a confidentiality obligation on any party except as to "statements or audit results" furnished to PLIC. See Licensing Agreement at ¶ 5.6. The only restriction imposed with regard to the actual Licensing Agreement involved a prohibition against using the agreement for promotional activity. See Licensing Agreement at ¶ 8.2. In fact, paragraph 8.2 explicitly provides that "each Party may disclose this Agreement in any patent infringement litigation involving the Licensed Patent." See Licensing Agreement at ¶ 8.2. The fact that the parties previously agreed that this document could be disclosed in the context of the present lawsuit undermines Plaintiff's assertion that it will be harmed as a result of its release. Thus, the Court does not believe that a deviation from the general policy against filing documents under seal is warranted. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that Plaintiff's Unopposed Motion to File Exhibit Under Seal (DE 84) is **DENIED**. The filings currently under seal (DE 84) shall be returned by

the Clerk to Plaintiff.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 31st day of October, 2011.

_____
KENNETH A. MARRA
United States District Court

Copies to:
Counsel of record