UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 11-80689-CIV-MARRA/JOHNSON

PATENT LICENSING AND
INVESTMENT COMPANY, LLC,

    Plaintiff,

vs.

GREEN JETS INCORPORATED,

    Defendant.
_____/

**OPINION AND ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion to Transfer Venue (DE 65), filed on July 11, 2011.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

The doctrine of the law of the case provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 816 (1988). "[T]he doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions," and is routinely applied to transfer decisions of coordinate courts.  Id. (internal citations omitted).  "Under law-of-the-case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end."  Id. at 819 (citing Fogel v. Chestnut, 668 F.2d 100, 109 (2nd Cir. 1981)).

"[A]dherence to the law of the case," however, "will not shield an incorrect jurisdictional

1

decision." Id. "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." Id. at 817 (citing Arizona v. California, 460 U.S. 605, 618 n. 8 (1983)).

Plaintiff first asserts that the Transfer Order (DE 54) "committed a manifest injustice by failing to consider material facts regarding PLIC's numerous connections to its home forum." Plaintiff's Motion (DE 65) at 4. A review of the Transfer Order (DE 54) reveals, however, that the transferring Court considered Plaintiff's connections to the district, relying on sound precedent from the Federal Circuit Court of Appeals and the Eastern District of Virginia, and determined that Plaintiff's choice of forum is not dispositive. Transfer Order (DE 54) at 9. The transferring Court found that "there is no significant connection between the underlying cause of action and this district as to justify awarding Plaintiff's choice of forum substantial deference." Transfer Order (DE 54) at 7. Plaintiff's assertion that the transferring Court failed to consider material facts regarding its connection to its home forum is therefore rejected.

Plaintiff next asserts that "the Order committed clear legal error by declining to afford substantial deference to PLIC's choice to bring suit in its home forum." Plaintiff's Motion (DE 65) at 5. In support of this assertion, Plaintiff relies on the same case it cited when opposing the original Motion to Transfer: Board of Trustees v. Baylor Heating and Air Conditioning, Inc., 702 F. Supp. 1253 (E.D. Va. 1988). The Transfer Order, however, provides a sound rationale for declining to apply the presumption favoring a plaintiff's choice forum discussed in Board of Trustees because, in the opinion of the transferring Court, the nature of the case strongly favors

transfer.  Transfer Order (DE 54) at 9.  The Transfer Order provided an in-depth analysis of the relevant factors, balancing the plaintiff's choice of forum, convenience of the parties, witness convenience and access, and the interests of justice.  The Transfer Order also provided ample decisional authority to support its conclusions.  See Transfer Order (DE 54) at 5-14.  Accordingly, Plaintiff has failed to establish any "clear legal error" committed by the transferring Court.

The decision to transfer a case is discretionary.  Here, Plaintiff has failed to prove that the initial decision was "clearly erroneous and would work a manifest injustice."  Christianson, 468 U.S. at 817.  Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that  Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion to Transfer Venue (DE 65) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of November, 2011.

_____
KENNETH A. MARRA
United States District Court

Copies to:
Counsel of record