UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 11-80689-CIV-MARRA/JOHNSON

PATENT LICENSING AND
INVESTMENT COMPANY, LLC,

    Plaintiff,

vs.

GREEN JETS INCORPORATED,

    Defendant.
_____/

**OPINION AND ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Dismiss (DE 47), filed on April 29, 2011. The motion is now fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

**I.  Background**

This matter arises out of a August 24, 2010, Complaint for Patent Infringement filed by Plaintiff Patent Licensing and Investment Company, LLC ("PLIC"), against Defendant Green Jets Incorporated ("Green Jets") in the Eastern District of Virginia (DE 1). The Complaint seeks injunctive relief for alleged acts of patent infringement of United States Patent 6,711,548. See DE 1 at ¶ 2. On February 2, 2011, Green Jets filed a responsive pleading that asserted six affirmative defenses and two counterclaims (DE 11). PLIC subsequently filed a Motion to Dismiss (DE 14) Green Jets' Second, Third, Fourth, and Sixth Affirmative Defenses pursuant to Federal Rule of Civil Procedure 12(f), and the second counterclaim for declaratory judgment of

1

invalidity pursuant to Rule 12(b)(6).

On March 7, 2011, Green Jets filed a Motion for Leave to File an Amended Answer, Affirmative Defenses, and Counterclaims (DE 20). The district court referred both PLIC's Motion to Dismiss and Green Jets' Motion to Amend (DE 20) to a magistrate judge (DE 35). The resulting Report and Recommendation (DE 37) provided:

> Under Rule 15(a) of the Federal Rules of Civil Procedure, defendant has the right as a matter of course to amend its Answer within twenty-one days after service of plaintiffs Motion to Dismiss. Fed. R. Civ. P. 15(a)(l)(B). Defendant's Motion for Leave to File was filed on March 7, 2011—less than twenty-one days after plaintiff served its Motion to Dismiss and therefore within the time period provided under Rule 15(a)(l)(B). Accordingly, having considered both defendant's motion and the fact that plaintiff does not oppose defendant's right amend its Answer, the undersigned recommends that the Court grant defendant's Motion for Leave to File. Moreover, as plaintiffs original Motion to Dismiss attacks a pleading which has been substantially revised, the undersigned further recommends that the Court dismiss plaintiffs original Motion to Dismiss as moot. Should plaintiff wish to continue to challenge perceived defects in the Amended Answer, it may file an appropriate pleading addressed to those matters.

The district court subsequently adopted the Report and Recommendation (DE 43), granting Green Jets' Motion for Leave to File an Amended Answer and dismissing Plaintiff's Motion to Dismiss as moot.

On April 19, 2011, Green Jets filed an Amended Answer and Counterclaims to Plaintiff's Complaint (DE 44), again asserting six affirmative defenses and two counterclaims. On April 29, 2011, PLIC filed a second Motion to Dismiss (DE 47), seeking only to challenge Green Jets' Second Counterclaim and Second Affirmative Defense. The Motion was fully briefed in the Eastern District of Virginia, but on June 15, 2011, the matter was transferred to this Court (DE 55). PLIC's second Motion to Dismiss (DE 47) is the matter presently before the Court.

## II. Motion to Dismiss Counterclaim

PLIC moves to dismiss Green Jets' Second Counterclaim because it is allegedly deficient. The Second Counterclaim, in its entirety, provides:

> 11. Green Jets incorporates heein and realleges as though fully set forth in this paragraph the averments of Paragraphs 1-7 of this Counterclaim. One or more of the claims of U.S. Patent No. 6,711,548 are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101, *et seq*, including without limitation 35 U.S.C. § 102, 103, and 112. The '548 parent is invalid as anticipated or obvious by a number of prior art references including, but not limited to, United States Patent No. 5,253,165 and the SABRE system. U.S. Patent No. 5,253,165 issued on October 12, 1993 and describes a computerized reservation system of the type claimed in the '548 patent and asserted in Plaintiff's complaint. The SABRE system, an electronic airline reservation system, debuted in 1962 and was in use by many airlines by 1970. It has been well-known in the industry for almost 50 years. This list is meant to be exemplary and is not exhaustive.
>
> 12. Unless PLIC is enjoined, Green Jets believes that PLIC will continue to assert that U.S. Patent No. 6,711,548 is valid and enforceable against PLIC.

*A. Standard of Review*

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.

Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

The pleading standards set forth in Twombley and Iqbal apply with equal force to counterclaims. See Southeastern Pennsylvania Transp. Authority v. AECOM USA, Inc., 2010 WL 4703533 at *3 (E.D. Pa. 2010).

B. Discussion

PLIC first challenges the sufficiency of the Counterclaim's allegation that the patent is invalid for failing to meet the statutory requirements set forth in 35 U.S.C. § 112. PLIC asserts that § 112 sets forth several factually complex requirements, "each of which can be a separate and distinct cause of action." (DE 48) at p. 3. PLIC alleges that the Counterclaim is insufficient for failing to apprise PLIC whether the patent implicates all or some of these requirements. See id. at 4. PLIC also challenges the Second Counterclaim for failure to comply with 35 U.S.C. § 116 in that Green Jets fails to allege that there was more than one inventor. Based on these insufficiencies, Plaintiff's ask the Court to dismiss the Counterclaim without prejudice with respect to its allegations concerning 35 U.S.C. §§ 112, 116.

The Court finds that Green Jets' Second Counterclaim satisfies the pleading requirements articulated in Twombley and Iqbal. The crux of the Counterclaim is that the patent in question is

invalid. Iqbal only requires Green Jets to set forth a "plausible claim for relief" to survive a motion to dismiss. Iqbal 129 S. Ct. at 1950. PLIC never asserts that the Counterclaim itself is deficient, but rather that Green Jets' potential allegations pursuant to §§ 112 and 116 were not sufficiently pled. Iqbal, however, does not require Green Jets to set forth every single possible attack on the patent in question's validity, only one that would support a plausible claim for relief. Accordingly, dismissal of Green Jets' Second Counterclaim is not warranted.

### III. Motion to Dismiss Affirmative Defense

PLIC moves to dismiss Green Jets' Second Affirmative Defense because it is allegedly deficient. The Second Affirmative Defense, in its entirety, provides:

> On information and belief, after a reasonable opportunity for further investigation and/or discovery, every asserted claim of the patent-in-suit is invalid for their failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq., and more particularly fail to comply with one or more of the requirements of 35 U.S.C. § 101, § 102, § 103, § 112, and § 116. The factual basis for Green Jets' invalidity affirmative defense is more fully laid out in ¶ 12 of the Green Jets' Counterclaims, infra.[1]

Paragraphs 11 and 12 of the Counterclaim, as discussed above, outline Green Jets' assertion that the patent in question is invalid.

For the reasons articulated above, Green Jets has sufficiently pled its claim of invalidity. Accordingly, dismissal of Green Jets' Second Affirmative Defense is not warranted.

---

[1] Although the Answer refers to paragraph 12, it is clear that Green Jets intended to refer to paragraph 11. PLIC does not challenge this typographical erorr as a basis for dismissal.

### IV.  Conclusion

For the aforementioned reasons, Plaintiff's Motion to Dismiss (DE 47) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of November, 2011.

$\qquad\qquad\qquad\qquad$ /s/ Kenneth A. Marra
$\qquad\qquad\qquad\qquad$ KENNETH A. MARRA
$\qquad\qquad\qquad\qquad$ United States District Court

Copies to:
Counsel of record