UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-80689-CIV-MARRA/HOPKINS

PATENT LICENSING AND
INVESTMENT COMPANY, LLC,

       Plaintiff,

v.

GREEN JETS INCORPORATED,

       Defendant.
_____/

**MOTION AND MEMORANDUM OF LAW OF PLAINTIFF PATENT LICENSING AND INVESTMENT COMPANY, LLC FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**I.     INTRODUCTION**

Plaintiff Patent Licensing and Investment Company, LLC ("PLIC"), by counsel, hereby submits this Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure in response to Defendant Green Jets Motion for Attorneys Fees' and Costs ("Motion for Attorneys' Fees"). Defendant's brief is replete with false and unsupported statements of fact and numerous arguments devoid of any legal foundation. Many of the assertions made by Defendant are contradicted by its own documents.

**II.    LEGAL STANDARD**

The Federal Rules of Civil Procedure require that pleadings of any type, before being signed and filed, not be not frivolous and have factual and legal support. Specifically, Rule 11 provides that by presenting a pleading to the Court, an attorney is certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:"

> 1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> 2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> 3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> 4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed R. Civ. P. 11. The 11th Circuit has held that "three types of conduct warrant the imposition of Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir. 1991) (citing *United States v. Milam*, 855 F.2d 739, 742 (11th Cir. 1988) and *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc)). "In assessing Rule 11 sanctions—a court first determines whether the party's claims are objectively frivolous—in view of the facts or law, and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous, i.e., whether he would have been aware had he made a reasonable inquiry." *Id*. In determining whether a pleading was filed in bad faith, in the absence of direct evidence of state of mind, the court "must examine the circumstantial evidence at hand and ask, objectively, whether an ordinary person standing in the party's or counsel's shoes would have prosecuted the claim." *Id*. at 1515 (citations omitted).

### III.   ARGUMENT

The numerous factual and legal deficiencies of Green Jets' Motion for Attorneys' Fees are set forth in detail in PLIC's Opposition (Dkt. No. 115), which is incorporated herein by reference.  PLIC provides the following summary here.

In its Motion, Green Jets conceded that it was not a "prevailing party" under 35 U.S.C. § 285 and that there was no statutory basis for the relief it sought.  Instead, Green Jets asked the court to invoke its "inherent powers" to award attorneys' fees despite clear precedent indicating that these powers should only be exercised in extraordinary circumstances and despite the absence of any evidence to support its allegations of "bad faith" on the part of PLIC.  Green Jets did not cite a single case where the court invoked the bad faith exception for shifting the burden of attorneys' fees to the other party without a finding that the moving party prevailed on the merits; nor has PLIC's counsel been able to locate such a case.

Green Jets' allegation of "bad faith" was premised on three factually- and legally-unsupported allegations: (1) that PLIC's infringement position was "clearly frivolous"; (2) that PLIC had an improper "contingent" fee arrangement with its expert; and (3) that PLIC's motion practice was frivolous.  As explained in PLIC's Opposition, each of these allegations was completely baseless.  PLIC's infringement position, unlike Green Jets' non-infringement position, was well-founded and correctly applied the law of infringement.  There was no "contingent" fee arrangement between Mr. Eagle and PLIC's counsel.  Mr. Eagle was well-qualified on the subjects for which he provided expert testimony.  Green Jets provided no authority for the proposition that his testimony was improper, and in any event, never moved to exclude his testimony despite being well aware of all material facts.  Finally, PLIC's motion practice, unlike that of Green Jets, was entirely appropriate.

In addition to lacking a good-faith basis for the three arguments identified above, Green Jets' Motion also contained numerous misstatements of facts, including, for example, the following:

> A. That PLIC never responded to the assertion by Green Jets that it did not schedule flights—*when the record is replete with correspondence, motions and declarations that addressed the issue at length.*

In fact, the issue of non- infringement raised by Green Jets was rebutted in a timely fashion early on in the litigation. In its brief, Green Jets identified two emails from Dean Rotchin, a principal at Green Jets, who is not an attorney trained to legally interpret claims. In these emails, Rotchin argues that his website does not involve "scheduling" aircraft. Fred Grasso, an attorney representing PLIC, responded on August 30, 2010 specifically rebutting the assertions made by Mr. Rotchin:

> "Your response also spends considerable time addressing various steps of the claimed method as if they all were limited to the use of your website. Many of the steps in claim 1 for example make no reference to a "website" or "automation" as you have alleged. *Many of the steps can be accomplished through a computer connection, a telephone line or other means.* Consequently, the attempt to limit all the steps to utilization of a website is not consistent with the claim language and does not avoid infringement."
>
> ….
>
> "Finally you have not addressed the doctrine of equivalents which does not require the infringing activity to be identical to the claim language if the accused step or steps are the equivalent substitute to the relevant claimed elements."

(Dkt. No. 115-5). Other pleadings and motions discussing the issue of scheduling a multitude of times by PLIC as set forth more fully in PLIC's Opposition. Green Jets' assertion that the issue was not addressed by PLIC thus clearly violates Rule 11 (b)(3).

> B. That Green jets did not violate FAA regulations by not posting time of departure— *when the FAA letter relied on by Green Jets states the exact opposite.*

Green Jets has consistently asserted in numerous pleadings that it did not post departure times on a website and therefore did not violate FAA regulations. It did however furnish that scheduling information by other means, telephone or email. This assertion is in direct contradiction to the very FAA letter that Green Jets relies upon. In that letter, the FAA concludes that the very conduct Green Jets engages in would be in essence the same as providing the departure time online via the website:

> Again, we would caution Jet Linx that a scheduled operation is one where three elements are offered in advance by a certificate holder or its representative. To the extent that Jet Linx holds out these elements, even if the holding out is through a different medium, i.e. *two elements are published in electronic or pager form, and the third is communicated by telephone, we would find to be scheduled service*.

(Dkt. No. 115-3) (emphasis added). Again, this assertion of fact violates Rule 11(b)(3).

> C. PLIC attorneys did not perform their Rule 11 due diligence in filing the complaint— *when to the contrary three sets of attorneys undertook independent Rule 11 analysis and Green Jets was advised of the effort.*

PLIC through Mr. Grasso again responded on September 3, 2010 to the baseless assertions of Mr. Rotchin and his threat of sanctions:

> If Green Jets files a motion under Rule 11, we intend to file our own counter motion for our attorneys fees incurred to respond to baseless attacks on legitimate legal contentions of infringement. Either we can deal with the dispute amicably or submit it to a judge. I have many years of litigation experience and having worked in some of the largest law firms in the country. William Wells was a senior partner in the largest IP firm in New York. We both consider ourselves consummate professionals in IP litigation. I can assure you calling names and hurling threats will not move things forward.
>
> *Let me also assure you that a proper Rule 11 investigation and analysis was conducted and that this reveals infringement*

(Dkt. No. 115-6) (emphasis added). Analysis by others as well confirming infringement is set forth in PLIC's Opposition (Dkt. No. 115).

> D. PLIC had complete financial data early in the case—*not true. When PLIC had asked for the data before filing the complaint to avoid needless litigation if not worthwhile, it was denied. Only partial data in the tersest terms was furnished in June of 2011, requiring PLIC to ask repeatedly for a complete financial report.*

Despite repeated requests for the revenue information, even partial summaries were not made available to PLIC until about June 29, 2011, almost nine (9) months after the request was originally made. But those numbers were woefully inadequate as they had none of the details of how profit and loss were calculated, nor was it indicated that they were audited. For example no annual numbers were provided; rather, only cumulative revenues were shown for the period from October 2009 to March of 2011.

It was not until February 17, 2012, just a few days before a 30(b)(6) deposition that included a designee on the topic of revenues, that Green Jets permitted PLIC to view its response to Interrogatory No. 4, and agreed to drop its restriction of that response to outside counsel only. During the deposition of Mr. Rotchin he was asked extensively about the revenues and how the Green Jets operation was funded. After that testimony about the absence of profit, PLIC immediately offered the covenant not to sue so as to limit any further legal fees for both parties and the have the deposition terminated.

Green Jets' knew that it had no reasonable factual basis for its Motion for Attorneys' Fees. The Motion was based on a legal theory that had no reasonable chance of success; nor could it be construed as a reasonable argument to change existing law. Finally, in light of the complete absence of either factual or legal support for Green Jets' Motion, PLIC can only conclude that the Motion was filed in bad faith and for purposes of harassment. Accordingly, PLIC is entitled to recover its attorneys' fees and costs under Rule 11 pursuant to any one of three grounds set forth by the court in *Pelletier*.

CASE NO.: 11-80689-CIV-MARRA/HOPKINS

## IV. CONCLUSION

In view of the foregoing, Plaintiff requests that the Court order Green Jets to pay PLIC its attorneys' fees incurred in responding to Green Jets' Motion for Attorneys' Fees and Costs.

## V. CERTIFICATE OF CONFERENCE

Plaintiff PATENT LICENSING AND INVESTMENT COMPANY, LLC, pursuant to Local Rule 7.1(a)(3), hereby certifies that a good faith effort was made to resolve these issues prior to the filing of this Motion and the issues could not be resolved.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: September 25, 2012  
       Boca Raton, Florida

Respectfully submitted,

_____  
ERIC LEE (Bar No. 961299)  
lee@leeamlaw.com  
Lee & Amtzis, P.L.  
5550 Glades Road, Suite 401  
Boca Raton, FL  33431  
Telephone:  (561) 981-9988  
Facsimile:  (561) 981-9980

and

William R. Poynter, Esq.
Admitted Pro Hac Vice
Williams Mullen
222 Central Park Ave., Ste. 1700
Virginia Beach, VA 23462

**Attorneys for Plaintiff**
**PATENT LICENSING AND INVESTMENT COMPANY, LLC**

CASE NO.: 11-80689-CIV-MARRA/HOPKINS

## SERVICE LIST
(ECF)

Fred Grasso, Esq.
Grasso, PLLC
1818 Library St., Ste. 500
Reston, VA  20190

Janet T. Munn, Esq.
Rasco Klock
283 Catalonia Ave., Ste. 200
Coral Gables, FL  33134

William R. Poynter, Esq.
Williams Mullen
222 Central Park Ave., Ste. 1700
Virginia Beach, VA  23462

Edward A. Pennington, Esq.
Murphy & King
1055 Thomas Jefferson St., N.W., Ste. 400
Washington, DC  20007